FILED
SUPERIOR COURT
OF GUAM

2024 MAY 17 PM 5: 30

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0240-23** |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER RE. |
| ALBERT PORTUSACH MENDIOLA, JR. | ) | MOTION TO WITHDRAW |
| aka AJ Mendiola, | ) | AS COUNSEL AND |
| DOB: 12/03/1982 | ) | APPOINTING NEW COUNSEL |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Honorable Judge Maria T. Cenzon on Attorney Jennifer Davis's Motion to Withdraw as Counsel for Defendant Albert Portusach Mendiola, Jr. (the "Motion") filed on April 1, 2024. The Court determined that no oral argument was necessary and took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule No. 06-001. After considering the pleadings on file and after reviewing the applicable statutes and case law, the Court now issues this Decision and Order **DENYING** the Motion for the reasons set forth in the pleading, but **GRANTING** the Motion on legal grounds different from that which was advanced in the Motion.

*People of Guam vs. Albert Portusach Mendiola, Jr.*
Criminal Case No. CF0240-23
Decision and Order re. Defense Counsel's Motion to Withdraw
Page **1** of **8**

## FACTUAL & PROCEDURAL BACKGROUND

The Defendant is charged with the following offenses: 1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) and 2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony). *See* Indictment (April 18, 2023). Attorney Davis was appointed to represent Defendant on March 20, 2024, after Attorney Cynthia Ecube was permitted to withdraw due to ethical considerations precluding her continued appointment. *Order re. Motion to Withdraw as Court Appointed Counsel* (Feb. 27, 2024). *See* Ntc. of Court Appointed Counsel (March 20, 2024).

Attorney Davis filed the instant Motion on the grounds of unavailability as well as incompetence in the area of criminal law. *Motion* at 2-4. Davis cited several off-island conferences and prior work commitments through August, 2024. She also argues that she "has no prior experience relating to criminal court" and cannot provide competent representation as required under GRPC 1.1. Attorney Davis has not indicated whether she has discussed this Motion with the Defendant.

## LEGAL ANALYSIS

Rule 1.16 of the Guam Rules of Professional Conduct dictates when counsel may withdraw from representation of a client and provides as follows:

Rule 1.16: Declining or Terminating of Representation

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
> (1) the representation will result in violation of the rules of professional conduct or other law;
> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

*People of Guam vs. Albert Portusach Mendiola, Jr.*
Criminal Case No. CF0240-23
Decision and Order re. Defense Counsel's Motion to Withdraw
Page 2 of 8

(3) the lawyer is discharged.

(b) except as stated in paragraph (e), a lawyer may withdraw from representing a client if:
    (1) withdrawal can be accomplished without material adverse effect on the interests of the client
    (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
    (3) the client has used the lawyer's services to perpetrate a crime or fraud;
    (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
    (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
    (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
    (7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Rules of Prof. Conduct, Rule 1.16, GU ST SUPER CT RPC Rule 1.16.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence." *See* U.S. Const. amend. VI. The Supreme Court of the United States has declared that the right to counsel is not a mechanical requirement, but includes "the right to effective assistance of counsel." *See Strickland v. Washington*, 466 U.S. 668, 684 (1984). Following this precedent, the Supreme Court of Guam has ruled that "[w]hile the constitutional guarantee of counsel is a fundamental right, a defendant

*People of Guam vs. Albert Portusach Mendiola, Jr.*
Criminal Case No. CF0240-23
Decision and Order re. Defense Counsel's Motion to Withdraw
Page 3 of 8

is 'not entitled to a particular lawyer whom he can, in his view, have a 'meaningful attorney-client relationship'. Rather, a defendant is entitled to adequate and 'conflict free representation under the Sixth Amendment." *See People v. Libby*, 2021 Guam 27 ¶ 17 (citing *United States v. Moore*, 159 F.3d 1154-1157, 1158 (9th Cir. 1998) (quoting *Morris v. Slappy*, 461 U.S. 1, 3-4 (1983)).

### 1. Public Defender Service Corporation (PDSC) Attorney qualifications provide an objective measure of "adequate legal representation" of an indigent criminal defendant.

In determining what specifically constitutes "adequate" legal representation of an indigent criminal defendant, the Court turns to the qualifications of a Public Defender employed with the Public Defender Service Corporation, Government of Guam ("PDSC") for guidance. The *Public Defender Service Corporation Act of 1975* established PDSC "[i]n order to provide *effective* legal aid and assistance to those persons in Guam who are unable to afford counsel." 12 GCA § 11103 (emphasis added). The governing body of the PDSC is its Board of Trustees (12 GCA § 11107), which is charged with establish rules and regulations governing "selection, promotion, performance evaluation, among other criteria of its personnel, including its attorneys. 12 GCA § 11110(a). The Court finds that the standards set by the Public Defender Service Corporation Act of 1975 and the PDSC Board of Trustees provide an objective gauge in determining whether an attorney is adequately qualified to represent an indigent criminal defendant.

//

//

//

*People of Guam vs. Albert Portusach Mendiola, Jr.*
Criminal Case No. CF0240-23
Decision and Order re. Defense Counsel's Motion to Withdraw
Page **4** of **8**

A Public Defender is deemed qualified to represent indigent criminal defendants with as little as zero to two years as an Attorney Level 1.[1] In the Motion, Attorney Davis admits that she has been licensed in Guam since 2002 and has practiced in Guam for the past 22 years. *Motion* at 3. However, she argues that her area of practice is almost exclusively in the area of federal immigration law.

However, the Court takes judicial notice that on August 28, 2023, this Court appointed Attorney Davis to represent the Defendant in *People of Guam vs. Krystal Aguon Takai aka Krystal Lynn Aguon,* Criminal Case No. Cf0477-21. In that case, Defendant Takai was charged via Indictment with Family Violence (As a Misdemeanor) and Child Abuse (As a Misdemeanor) 2 Counts. On September 18, 2023, Attorney Davis filed a Motion to Withdraw as Counsel in that case based largely on the same grounds as proffered here. However, before the Court could schedule a hearing or otherwise rule on the Motion to Withdraw, Attorney Davis filed a Motion for An Order Granting a Deferred Plea (October 27, 2023). On February 8, 2024, this Court granted the Motion for an Order Granting a Deferred Plea and, on April 29, 2024, this Court accepted a Deferred Family Violence Plea Agreement which adjudicated the case against Attorney Davis's client. *Change of Plea Hrg.* (Apr. 29, 2024). Thus, despite the claim that she is not competent to effectively represent a criminal defendant, Attorney Davis has established otherwise.

An Attorney Level 2 at the PDSC is an attorney with over two and less than four years of "progressively responsible experience as a licensed attorney and graduation from a law school

---

[1] https://guampdsc.org/wp-content/uploads/2018/06/Attorney-Level-2-JA-03-18.pdf

*People of Guam vs. Albert Portusach Mendiola, Jr.*
Criminal Case No. CF0240-23
Decision and Order re. Defense Counsel's Motion to Withdraw
Page 5 of 8

accredited by the American Bar Association." The PDSC Attorney Level 2 "[h]andles a variety of moderate to serious legal matters and ability to resolve moderate cases with general supervision. Assists in preparation of more complex legal matters. Provides some guidance and mentoring to Level 1 attorneys, interns and externs. Provides guidance and mentoring to Level 1 attorneys and at times other Level 2 attorneys." *Id.*

Attorney Davis, who has been admitted to practice law in Guam since 2002, would qualify as a Level 4 Attorney in the PDSC.[2] An Attorney Level 4 in the PDSC has eight or more years of progressively responsible experience as a licensed attorney and "handles core assignments at a complex level, and critically analyzes and handles complex legal matters. Responsible for preparing complex cases to litigation, initiating and challenging legal policies; counseling high level clients, leadership on complex cases and legal issues. Leads, guides and mentors attorneys on matters including more complex legal matters; is a resource in specialized matters."[3] As for "Necessary Special Qualifications" to serve as court-appointed counsel for indigent defendants, the PDSC does not require any special background in criminal law or practice for any of its Attorney positions from Level 1 to Level 4. Under "Necessary Special Qualifications," requirements include "possession of a current license to practice law in a state or territory of the United States and a current certificate of good standing." No experience in criminal law is required for any level of attorney at the PDSC. Importantly, by all accounts set forth in the Motion, Attorney Davis is competent to represent the Defendant in this case. Although the Court finds

---

[2] https://guambar.org/system/homes/directory_details/501?start=M&pay_for=Attorney (Guam Bar Association Member Directory)
[3] https://guampdsc.org/wp-content/uploads/2018/06/Attorney-Level-4-JA-05-18.pdf

*People of Guam vs. Albert Portusach Mendiola, Jr.*
Criminal Case No. CF0240-23
Decision and Order re. Defense Counsel's Motion to Withdraw
Page 6 of 8

that Attorney Davis is competent to represent the Defendant, the Court finds an alternative basis and authority for granting the Motion to Withdraw.

### 2. Authority to "Pass" or Refuse an Appointment under MR 1.1.3(b)(4)(A) of the Local Rules of the Superior Court of Guam.

Under the unusual circumstances precipitating the issuance of Promulgation Order PRM06-006-25 (Nov. 17, 2023), MR 1.1.3 (a)(3) was amended, and all appointments from the Private Attorney Panel for all criminal cases was suspended until May 1, 2024, and, instead active members of the Guam Bar Association, from a membership list as approved by the Supreme Court, were appointed after PDSC and APD attorneys were permitted to withdraw. This Court is well aware that MR1.1.3(b)(4)(A) of the Local Rules technically applies to PAP attorneys; however, nothing in the Rule nor in the Promulgation Order prohibits the application of the "Pass" to active members of the bar who have been appointed during the suspension of the rule relating to the Private Attorney Panel. As such, the Court shall apply MR 1.1.3(b)(4)(A) to determine whether Defense Counsel (and the Firm) may request a "pass" under the circumstances. The Rule provides as follows:

> PAP attorneys may refuse or "pass" an appointment when unavailable to assume the case due to scheduling conflicts, workload, or *other good cause*. Reasons for passing appointment shall be given to the ... Judge of the Superior Court overseeing the case, and passing may not be done more than three times during a calendar year.

*Id.* (Emphasis added). The grounds for withdrawal in this case fall within the "workload" and "other good cause" provisions of MR 1.1.3(b)(4)(A). The argument that Attorney Davis is unavailable to adequately represent Defendant due to the requirements and type of practice which requires her to travel off-island several times throughout the year (scheduling conflicts), coupled with being a solo practitioner without any partner or associate to assist her in providing counsel

*People of Guam vs. Albert Portusach Mendiola, Jr.*
Criminal Case No. CF0240-23
Decision and Order re. Defense Counsel's Motion to Withdraw
Page 7 of 8

to the Defendant constitutes "good cause" for applying the "pass" provisions of MR 1.1.3(b)(4)(A).[4]

<b><u>CONCLUSION</u></b>

For the above reasons, Defense Counsel's Motion to Withdraw is **GRANTED**. IT IS FURTHER ORDERED that *Heather Martinez Zara Quitugua* is appointed to represent the Defendant. Defense Counsel is ordered to deliver the Defendant's case file to the newly appointed counsel within ten (10) days of this Order.[5]

**SO ORDERED** this May 17, 2024.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

---

[4] This would constitute the first of three "passes" for which Attorney Davis may apply in 2024 to be relieved as indigent counsel in a criminal case.

[5] MR 1.1.3(b)(4)(A) prohibits appointed counsel from charging the court for determining whether a conflict exists to permit withdrawal.

*People of Guam vs. Albert Portusach Mendiola, Jr.*
Criminal Case No. CF0240-23
Decision and Order re. Defense Counsel's Motion to Withdraw
Page **8** of **8**